# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAZENDRA COLLINS, WILLIE TEAGUE and LAWRENCE TEAGUE, | 21 C 2913 |
| Plaintiffs, | Judge Pallmeyer |
| | Magistrate Judge Cox |
| v. | |
| CITY OF CHICAGO, CHICAGO POLICE OFFICERS E N GOLLAZA #20912, M A STYCZYNSKI #5442, AND UNKNOWN OFFICERS In their individual capacities, | |
| Defendants. | |

## DEFENDANT OFFICERS'
## ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendants Mark Styczynski and Eddie Galloza (collectively, "Defendant Officers") submit the following answer to Plaintiffs' second amended complaint, affirmative defenses, and jury demand:

### CAUSE OF ACTION

1. This is an action for damages, brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986 and 1988, the Fourth Amendments to the United States Constitution, and under the law of the state of Illinois, against the City of Chicago and Unknown Chicago Police Officers in their individual capacities (hereinafter, "Defendant Officers").

**ANSWER:** Defendant Officers admit this action is brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986, and 1988 and Illinois state law, but deny the remaining allegations.

2. On May 31st, 2020, Defendant Officers unlawfully and without justification viciously attacked Plaintiffs, while Plaintiffs were seated in their car.

**ANSWER:** Defendant Officers deny this paragraph.

3. At some point after their vicious attack, Defendant Officers engaged in a cover up by arresting one of the Plaintiffs, Lawrence Teague, and charged him with a disorderly conduct; that charge has since been dismissed in the criminal court.

1

**ANSWER:** Defendant Officers deny this paragraph.

4. Plaintiffs allege that these constitutional violations were committed as a result of the policies and customs of the City of Chicago, Illinois.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph.

5. As a result of the misconduct of the defendants, Plaintiffs suffered severe personal, physical, and emotional injuries.

**ANSWER:** Defendant Officers deny any alleged misconduct as it pertains to them and therefore deny this paragraph as it pertains to them. Defendant Officers lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States; 42 U.S.C. § 1983 and § 1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiffs, accomplished by acts and/or omissions of the Defendants and committed under color of state law.

**ANSWER:** Defendant Officers deny any alleged misconduct and admit the remainder of this paragraph.

7. This Court has supplemental jurisdiction over Plaintiff's causes of action arising under the Illinois state law pursuant to 28 U.S.C. § 1367.

**ANSWER:** Defendant Officers admit this paragraph.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that all of the claims and events giving rise to this action occurred in this district.

**ANSWER:** Defendant Officers admit this paragraph.

## PARTIES

9. The Plaintiffs, Lazendra Collins, Willie Teague and Lawrence Teague are all United States citizens and residents of the State of Illinois, County of Cook.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

10. At all relevant times herein referenced, Defendant Officers were employed by the City of Chicago as sworn police officers. They are being sued in their individual capacities. At the time of the incident in this Complaint, Defendant Officers were engaged in the conduct complained of while acting within the scope of their employment and under color of state law.

**ANSWER:** Defendant Officers deny any alleged misconduct and admit the remainder of this paragraph.

11. At all relevant times herein, Defendant, City of Chicago, was and is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer of all Defendants.

**ANSWER:** Defendant Officers admit this paragraph as it pertains to them and lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

## BACKGROUND

12. On May 31, 2020, the Plaintiffs drove to the Brickyard Mall located at 2600 N. Narragansett Ave., Chicago, Illinois 60639. The Plaintiffs were as follows: Lazendra Collins, a working mother; Willie Teague, a working father; and; Lawrence Teague, a working father. The Plaintiffs are all relatives and family friends. Willie Teague and Lawrence Teague and had gone to the Brickyard Mall to pick up Lazendra Collins from work and to get something to eat.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

13. Unbeknownst to the Plaintiffs, there was suspected looting, protesting and heavy police presence in and around the Brickyard Mall.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

14. Upon arrival and entry into the Brickyard Mall, the Plaintiffs immediately observed a crowd of people along with heavy police presence.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

15. As a result, the Plaintiffs who are now all in the same car decided to leave the Brickyard Mall. In order to exit the Brickyard Mall, the Plaintiffs followed a convoy of cars that were slowly exiting the Brickyard Mall under the direction of some Chicago Police Officers who appeared to be directing the flow of traffic exiting the Brickyard Mall.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

16. At no time ever were the Plaintiffs engaged in any criminal activity while at the Brickyard Mall. Nor, were the Plaintiffs obstructing or threatening any of the Chicago Police Officers at the Brickyard Mall.

**ANSWER:** Defendant Styczynski denies this paragraph. Upon information and belief, Defendant Galloza denies this paragraph.

17. The Plaintiffs did not engage in any conduct that warranted any use of force, especially excessive force by members of the Chicago Police Department.

**ANSWER:** Defendant Officers admit that Plaintiffs did not engage in any conduct that warranted any excessive use of force by members of the Chicago police department. Defendant Styczynski denies the remainder of this paragraph. Upon information and belief, Defendant Galloza denies the remainder of this paragraph.

## VIDOE FOOTAGE CAPTURING ATTACK OF PLAINTIFFS

18. As the Plaintiffs were part of the large convoy leaving the Brickyard Mall, they observed Chicago Police Offficers using their batons to smash the windows of a car in Brickyard Mall and drag individuals out of the same vehicle. Lazendra Collins started to record on her cell phone when she observed the aforementioned behavior from Chicago Police Officers.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

19. Within a few seconds of the video recording, Chicago Police Officers started to yell at the Plaintiff's vehicle, while it was in a convoy of vehicles-"Go, get out of here!"

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

20. At some point, and unprovoked, the Defendant Officers begin to run towards the Plaintiffs' vehicle.

**ANSWER:** Defendant Officers deny this paragraph.

21. Within a few seconds of running, the Defendant Officers arrived at the Plaintiffs' car and immediately, without provocation or justification, began smashing the Plaintiffs' car windows with their batons while yelling various profanities at the Plaintiffs in the car.

**ANSWER:** Defendant Officers deny this paragraph.

22. Within a few seconds of the initial attack, the Plaintiffs' car was swarmed by Chicago police officers who were all smashing and damaging the Plaintiffs' car with their batons while yelling various profanities at the Plaintiffs in the car.

**ANSWER:** Defendant Styczynski denies this paragraph. Defendant Galloza lacks knowledge or information sufficient to admit or deny this paragraph.

23. During the ensuing vicious attack on Plaintiffs, video footage captures various Chicago police officers approaching the vehicle. Other unknown Chicago police officers were captured standing by and seemingly standing watch during this vicious attack of the Plaintiffs.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

24. In fact, as multiple Chicago police officers took turns yelling profanities at the Plaintiffs and smashing the Plaintiffs' windows, a piece of glass from the window hit Lawrence Teague who was sitting in the backseat.

**ANSWER:** Defendant Styczynski denies this paragraph is a true and accurate depiction of the events in question and therefore denies this paragraph. Defendant Galloza lacks knowledge or information sufficient to admit or deny this paragraph.

25. But the brutality did not stop there.

**ANSWER:** Defendant Officers deny any alleged brutality as it pertains to them and therefore deny this paragraph as it pertains to them. Defendant Officers lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

26. Video footage captures the unknown Chicago police officers violently attacking Lazendra Collins when she got out the vehicle with Willie Teague and Lawrence Teague to assess the damage for the vehicle and request officer names and badge numbers.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

27. Video footage captures an unknown Chicago Police Officer without his name on this police vest and having his badge number covered. The video also captures the rear window of the Plaintiff's vehicle broken.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

28. Lazendra Collins is struck several times by an unknown Chicago Police Officer several times with a baton. During this attack, Lazendra Collins could not breathe and was in paralyzing fear as she was being attacked by a Chicago Police Officer.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

29. Lawrence Teague was struck and thrown to the ground by unknown officers.

**ANSWER:** Defendant Styczynski denies this paragraph. Defendant Galloza lacks knowledge or information sufficient to admit or deny this paragraph.

30. In addition, a digital camera being held by Lawrence Teague during this attack of Plaintiffs was struck by Chicago Police Officers, damaged by Chicago Police Officers and was then taken by Chicago Police Officers.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

31. The Plaintiffs were never a threat to the Chicago police officers at any point or phase of the vicious attack. Additionally, the unknown Chicago police officers lacked probable cause or a reasonable articulable suspicion to arrest, detain or even approach the Plaintiffs' car.

**ANSWER:** Defendant Styczynski denies this paragraph. Upon information and belief, Defendant Galloza denies this paragraph.

32. The video footage of the attack on Plaintiffs demonstrates that Chicago police officers orchestrated and executed a vicious ambush on the Plaintiffs, designed to instill maximum fear and trauma and with the intended goal of causing chaos and mayhem.

**ANSWER:** Defendant Officers deny this paragraph as it pertains to them and lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

## THE AFTERMATH OF THE VICIOUS ATTACK

33. The Plaintiffs were all detained and, except for Lawrence Teague, were all released without being charged or given an explanation or an apology.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

34. The Chicago police officers charged Lawrence Teague with disorderly conduct only after he informed the police officers that he needed medical attention and asked about this broken and taken property.

**ANSWER:** Defendant Styczynski denies this paragraph. Defendant Galloza lacks knowledge or information sufficient to admit or deny this paragraph.

35. On September 28, 2020, the disorderly conduct charges against Plaintiff Lawrence Teague were dismissed in a Cook County Court.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

36. All Plaintiffs have endured and continue to endure lasting physical and emotional injuries related to the vicious attack they endured. For example, all Plaintiffs have been diagnosed with various and serious forms of emotional injuries ranging from severe Post Traumatic Stress Disorder (PTSD) to Conversion Disorder.

**ANSWER:** Defendant Officers deny attacking Plaintiffs and therefore deny this paragraph as it pertains to them. Defendant Officers lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

37. As a result of the vicious attack, Plaintiff Lazendra Collins has permanent damage to her hand, the impact of which has caused a devastating blow to her working and caring for her children.

**ANSWER:** Defendant Officers deny attacking Plaintiff Lazendra Collins and therefore deny this paragraph as it pertains to them. Defendant Officers lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

### CHICAGO POLICE TACTIC OF BRUTLITY IN THE SUMMER OF 2020

38. The brutality the Plaintiffs faced at the hands of Chicago police officers was by no means in isolation.

**ANSWER:** Defendant Officers deny brutalizing the Plaintiffs and lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

39. After May 25, 2020, peaceful protests and rallies were held around the United States and including Chicago, to protest the killing of George Floyd, a black man who was unjustly killed by Minneapolis Police officers.

**ANSWER:** Defendant Officers admit this paragraph.

40. It has been well documented in various public domain video footage, reports, and news articles, various instances of coordinated brutal and vicious attacks on protesters, innocent bystanders and passersby by the Chicago Police Department and its officers.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

40. In fact, on August 19 and 20, 2020, a federal district court in the Northern District and under case number: 1:17-cv-06260, held a listening session during which numerous members of the public complained of police brutality during this protest period in Chicago.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

41. The summer months of 2020 demonstrate clearly that Chicago police had an implied or explicit custom and practice to use unjustified excessive force at large gatherings during the protest months that lasted from May through August of 2020.

**ANSWER:** Upon information and belief, Defendant Officers deny that Chicago police have an implied or explicit custom and practice to use unjustified excessive force at large gatherings during the protest months that lasted from May through August of 2020 and therefore deny this paragraph.

42. As a direct and proximate result of the willful, wanton, and malicious actions of the Defendant Officers, the Plaintiffs suffered the following injuries and damages:
   a. Violation of their constitutional rights under the Fourth Amendments to the United Sates Constitution;
   b. Loss of their physical liberty;
   c. Psychological abuse, mental coercion, physical injury and pain; and
   d. Mental and emotional trauma.

**ANSWER:** Defendant Officers deny any alleged wrongdoing and therefore deny this paragraph.

43. At all relevant times, all Defendant Officers were acting under color of state law and under color of authority as police officers, employees, and agents or servants of the City of Chicago, Illinois.

**ANSWER:** Defendant Officers admit this paragraph.

### COUNT 1
### 42 U.S.C. §1983—Unlawful stop/ False Arrest and Excessive Force, all in violation of the Fourth Amendment
### (Against Defendant Officers)

44. Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendant Officers incorporate each of their answers in this complaint as if restated fully herein.

45. At the time of the complained of events, Plaintiffs had a clearly established constitutional right under the Fourth Amendment to be secure in their persons from unreasonable seizure through excessive force, false arrest or an unlawful stop.

**ANSWER:** Upon information and belief, Defendant Officers admit this paragraph.

46. Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

**ANSWER:** Upon information and belief, Defendant Officers admit this paragraph.

47. Defendant Officers actions and use of force as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and were taken intentionally and with willful indifference to the constitutional rights of the Plaintiff.

**ANSWER:** Defendant Officers deny this paragraph.

48. Defendants Officers actions and use of force, as described herein, were intended to cause harm unrelated to any legitimate object of arrest or seizure.

**ANSWER:** Defendant Officers deny this paragraph.

49. Defendant Officers' actions of stopping Plaintiffs' car without probable cause or reasonable articulable suspicion, or seizing the Plaintiffs by smashing the windows of Plaintiffs' car, swearing and cursing at Plaintiffs, violently striking Plaintiff's with a baton as well as destroying personal property of Plaintiffs, all constituted an unreasonable stop and seizure lacking in probable cause and thereby unreasonably restraining the Plaintiffs of their freedoms.

**ANSWER:** Defendant Officers deny this paragraph is an accurate characterization of the events in question and therefore deny this paragraph.

41. As a direct and proximate consequence of said conduct of Defendants Officers, Plaintiffs suffered violations of their constitutional rights, personal and physical injuries, monetary expenses, fear, emotional distress, and other injuries.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph.

### COUNT II
### 42 U.S.C. §1985—Conspiracy to violate the Plaintiff's Fourth Amendment Right
### (Against Defendant Officers)

42. Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendant Officers incorporate each of their answers in this complaint as if restated fully herein.

43. Upon information and belief, some of the Defendant Officers conspired to deprive the Plaintiffs of their constitutionally protected right to be free from unreasonable searches, seizures and excessive force in violation of the Fourth Amendment.

9

**ANSWER:** Defendant Officers deny this paragraph.

44. In planning and executing the violent and unreasonable apprehension of the Plaintiffs, some of the Defendant Officers acted in furtherance of that conspiracy and violated the Plaintiff's constitutional rights contrary to § 1985.

**ANSWER:** Defendant Officers deny planning and executing a violent and unreasonable apprehension of Plaintiffs and further deny acting in furtherance of a conspiracy to deprive Plaintiffs of their constitutional rights.

45. For instance, some of the Unknown Defendant Officers charged Lawrence Teague, one of the Plaintiffs, in an attempt to cover up and justify the Defendant Officers violent and vicious attacks on the Plaintiffs.

**ANSWER:** Defendant Officers deny this paragraph.

46. As a direct and proximate consequence of said conduct of the Unknown Defendant Officers, the Plaintiffs suffered violations of their constitutional rights, personal and physical injuries, monetary expenses, fear, emotional distress, and other injuries.

**ANSWER:** Defendant Officers any alleged misconduct as it pertains to them and lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

### COUNT III
### 42 U.S.C. §1986—Failure to Intervene
### (Against Defendants Officers)

47. Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendant Officers incorporate each answer of this complaint as if restated fully herein.

48. Other Unknown Defendant Officers had an affirmative duty to prevent the conspiracy as stated in Count II of this complaint, and its furtherance against the Plaintiffs under 42 U.S.C. § 1986.

**ANSWER:** Defendant Officers deny conspiring to violate Plaintiffs' constitutional rights and therefore deny this paragraph.

49. Upon information and belief, some of the as-yet-Unknown Chicago Police Officers stood by and stood watch as other Unknown Chicago Police Officers attacked and deprived the Plaintiffs of their constitutionally protected right to be free from unreasonable searches, seizures and excessive force in violation of the Fourth Amendment.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

50. That these Unknown Chicago Police Officers had a reasonable opportunity to prevent this harm to Plaintiffs but failed to do so.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

51. As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiffs' constitutional rights, Plaintiffs suffered pain and injury, as well as severe emotional distress.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph.

52. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph.

53. The above acts and omissions of the Defendant Officers violated the Plaintiffs' rights as described in this Count.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph.

54. As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiffs suffered violations of their constitutional rights, personal and physical injuries, monetary expenses, fear, emotional distress, and other injuries.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph.

### COUNT IV
### 42 U.S.C. §1986—Monell Claims
### (Against City of Chicago)

55. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendant Officers make no answer to this paragraph because count IV is not directed at them. To the extent an answer is required, Defendant Officers admit they were acting under color of law and within the scope of their employment as Chicago police officers at all times relevant, deny any wrongdoing, and deny Plaintiffs are entitled to any recovery against them.

56. In the aftermath of the late George Floyd's fatal excessive force arrest in Minneapolis, Minnesota, the City of Chicago experienced widespread protests that started after May 25, 2020 and lasted into August of 2020. Protesters were protesting the death of George Floyd and the widespread police brutality wielded against black people across the United States.

**ANSWER:** Defendant Officers make no answer to this paragraph because count IV is not directed at them. To the extent an answer is required, Defendant Officers admit they were acting under color

of law and within the scope of their employment as Chicago police officers at all times relevant, deny any wrongdoing, and deny Plaintiffs are entitled to any recovery against them.

57. Amid the widespread protests, the Chicago police engaged in widespread use of force as crowd control and against protesters, suspected looters, and innocent individuals who happened to be in any vicinity where there was a large police presence.

**ANSWER:** Defendant Officers make no answer to this paragraph because count IV is not directed at them. To the extent an answer is required, Defendant Officers admit they were acting under color of law and within the scope of their employment as Chicago police officers at all times relevant, deny any wrongdoing, and deny Plaintiffs are entitled to any recovery against them.

58. For instance, and as stated earlier, during a listening session pertaining to the consent decree and Chicago's mandatory police reform efforts, a federal Judge heard from numerous victims of Chicago police brutality during the Black Lives Matter and George Floyd killing protests.

**ANSWER:** Defendant Officers make no answer to this paragraph because count IV is not directed at them. To the extent an answer is required, Defendant Officers admit they were acting under color of law and within the scope of their employment as Chicago police officers at all times relevant, deny any wrongdoing, and deny Plaintiffs are entitled to any recovery against them.

59. The incidents described in the preceding paragraph demonstrate that it was the express or implied policy and/or custom of the City of Chicago to use extraordinary and unjustified excessive force in any area in which there needed to be crowd control during the Black Lives Matter and George Floyd protests.

**ANSWER:** Defendant Officers make no answer to this paragraph because count IV is not directed at them. To the extent an answer is required, Defendant Officers admit they were acting under color of law and within the scope of their employment as Chicago police officers at all times relevant, deny any wrongdoing, and deny Plaintiffs are entitled to any recovery against them.

60. The incidents described in the preceding paragraph also demonstrate that the police were instructed to use heavy-handed tactics to disburse protests, crowds and maintain order and control, regardless of citizens' constitutional rights. Additionally, Chicago police officers knew that they would not face discipline for abusing or disregarding the constitutional rights of Citizens.

**ANSWER:** Defendant Officers make no answer to this paragraph because count IV is not directed at them. To the extent an answer is required, Defendant Officers admit they were acting under color of law and within the scope of their employment as Chicago police officers at all times relevant, deny any wrongdoing, and deny Plaintiffs are entitled to any recovery against them.

61. The above described polices and customs demonstrate a deliberate indifference on the part of the City of Chicago, to the constitutional rights of persons within Cook County and were the cause of the violations of the Plaintiffs' rights alleged herein.

**ANSWER:** Defendant Officers make no answer to this paragraph because count IV is not directed at them. To the extent an answer is required, Defendant Officers admit they were acting under color

of law and within the scope of their employment as Chicago police officers at all times relevant, deny any wrongdoing, and deny Plaintiffs are entitled to any recovery against them.

## COUNT V
## State Law Claim—Intentional Infliction of Emotional Distress
## (Against Defendant Officers & City of Chicago)

62. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendant Officers incorporate each of their answers to this complaint as if restated fully herein.

63. The acts and conduct of the Defendant Officers as set forth above were extreme and outrageous. The Defendant Officers intended to cause or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to the Plaintiffs, as is more fully alleged above.

**ANSWER:** Defendant Officers deny this paragraph.

64. Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiffs, and thereby constituted intentional infliction of emotional distress.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph.

65. The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiffs.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph.

66. In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of employment and under color of law.

**ANSWER:** Defendant Officers deny any alleged misconduct and admit the remainder of this paragraph..

67. Defendant City of Chicago is liable as principal for all torts committed by its agents including the Chicago police Department.

**ANSWER:** Defendant Officers deny this paragraph is an accurate representation of the law and therefore deny this paragraph.

68. In consequence thereof, Defendant City of Chicago is liable to Plaintiffs under Illinois law, pursuant to the doctrine of respondeat superior.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph as it pertains to their actions. Defendant Officers lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

69. As a proximate result of Defendants' wrongful acts, Plaintiffs suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph as it pertains to them. Defendant Officers lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

## COUNT VI
### State Law Claim—Battery
### (Against Defendant Officers & City of Chicago)

70. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendant Officers incorporate each of their answers to this complaint as if restated fully herein.

71. The actions of the unknown Defendant Officers in ambushing and attacking the Plaintiffs and as described in the preceding paragraphs, were undertaken intentionally, without the consent and against the will of the Plaintiffs and resulted in harmful and/ or offensive contact with the bodies of the Plaintiffs.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

72. The actions of the unknown Defendant Officers constituted battery against the Plaintiffs under Illinois law and were undertaken without legal justification.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

73. In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of employment and under color of law.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph as it pertains to them. Defendant Officers lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

74. Defendant City of Chicago is liable as principal for all torts committed by its agents including the Chicago police Department.

**ANSWER:** Defendant Officers deny this paragraph is an accurate representation of the law and therefore deny this paragraph.

75. In consequence thereof, Defendant City of Chicago is liable to Plaintiffs under Illinois law, pursuant to the doctrine of respondeat superior.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph as it pertains to their actions. Defendant Officers lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

76. As a proximate result of Defendants' wrongful acts, Plaintiffs suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph as it pertains to them. Defendant Officers lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

## COUNT VII
### State Law Claim—Assault
### (Against Defendant Officers & City of Chicago)

77. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendant Officers incorporate each of their answers to this complaint as if restated fully herein.

78. The actions of the unknown Defendant Officers in ambushing the Plaintiffs as described in the preceding paragraphs, smashing the windows of Plaintiffs' car while Plaintiffs were in the car, placed the Plaintiffs in reasonable apprehension of receiving imminent physical harm or contact.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

79. The actions of the unknown Defendant Officers constituted assault against the Plaintiffs under Illinois law and were undertaken without legal justification.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

80. In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of employment and under color of law.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph as it pertains to them. Defendant Officers lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

81. Defendant City of Chicago is liable as principal for all torts committed by its agents including the Chicago police Department.

**ANSWER:** Defendant Officers deny this paragraph is an accurate representation of the law and therefore deny this paragraph.

82. In consequence thereof, and as it pertains to Count IV, Defendant City of Chicago is liable to Plaintiffs under Illinois law, pursuant to the doctrine of respondeat superior.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph as it pertains to their actions. Defendant Officers lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

83. As a proximate result of Defendants' wrongful acts, Plaintiffs suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph as it pertains to them. Defendant Officers lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

### COUNT VIII
### State Law Claim—False Imprisonment
### (Against Defendant Officers & City of Chicago)

84. Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendant Officers incorporate each of their answers to this complaint as if restated fully herein.

85. The actions of the unknown Defendant Officers in ambushing the Plaintiffs as described in the preceding paragraphs, smashing the windows of Plaintiffs' car while Plaintiffs were in the car and forcefully arresting the Plaintiffs, caused a restraint of the Plaintiff without reasonable grounds to believe that the Plaintiffs were committing an offense.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

86. The actions of the unknown Defendant Officers constituted false arrest against the Plaintiffs under Illinois law and were undertaken without probable cause.

**ANSWER:** Defendant Officers lack knowledge or information sufficient to admit or deny this paragraph.

50. In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of employment and under color of law.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph as it pertains to them. Defendant Officers lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

51. Defendant City of Chicago is liable as principal for all torts committed by its agents including the Chicago police Department.

**ANSWER:** Defendant Officers deny this paragraph is an accurate representation of the law and therefore deny this paragraph.

52. In consequence thereof, Defendant City of Chicago is liable to Plaintiffs under Illinois law, pursuant to the doctrine of respondeat superior.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph as it pertains to their actions. Defendant Officers lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

53. As a proximate result of Defendants' wrongful acts, Plaintiffs suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

**ANSWER:** Defendant Officers deny any alleged misconduct and therefore deny this paragraph as it pertains to them. Defendant Officers lack knowledge or information sufficient to admit or deny the remainder of this paragraph.

## COUNT IX
### Indemnification Pursuant to 745 ILCS 10/9-102
### (Against the City of Chicago)

54. Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:** Defendant Officers make no answer to this paragraph because count IX is not directed at them. To the extent an answer is required, Defendant Officers admit they were acting under color of law and within the scope of their employment as Chicago police officers at all times relevant, deny any wrongdoing, and deny Plaintiffs are entitled to any recovery against them.

55. The misconduct of all Defendants were committed in the scope of their employment with the Defendant City of Chicago.

**ANSWER:** Defendant Officers make no answer to this paragraph because count IX is not directed at them. To the extent an answer is required, Defendant Officers admit they were acting under color of law and within the scope of their employment as Chicago police officers at all times relevant, deny any wrongdoing, and deny Plaintiffs are entitled to any recovery against them.

56. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the actions of all Defendants.

**ANSWER:** Defendant Officers make no answer to this paragraph because count IX is not directed at them. To the extent an answer is required, Defendant Officers admit they were acting under color of law and within the scope of their employment as Chicago police officers at all times relevant, deny any wrongdoing, and deny Plaintiffs are entitled to any recovery against them.

## **AFFIRMATIVE DEFENSES**

1. A reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and the information that Defendant Officers possessed. Defendant Officers therefore are entitled to qualified immunity.

2. An injured plaintiff has a duty to mitigate his damages and cannot recover for those damages proximately caused by his failure to mitigate. To the extent Plaintiffs failed to mitigate any of their claimed damages, they cannot recover for those damages and any verdict or judgment obtained by Plaintiffs must be reduced accordingly.

3. Defendant Officers were working as police officers at the time of this incident. Therefore, under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged, because a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute willful and wanton conduct. 752 ILCS 10/2-202.

4. Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the claims alleged because the decisions and actions were based upon the information and circumstances known to Defendant Officers at the time and were discretionary decisions from which they are immune from liability. 745 ILCS 10/2-201.

5. Defendant Officers are not liable for Plaintiff's claims because a public employee, as such and acting within the scope of his employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204.

6. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton, and/or other wrongful conduct on the part of Plaintiffs, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed Plaintiffs by the jury in this case.

## **JURY DEMAND**

Defendant Officers request a trial by jury.

Respectfully submitted,

*/s/ Gregory Beck*

Gregory Beck, Assistant Corporation Counsel Supervisor
Nicholas Perrone, Assistant Corporation Counsel
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 742-5146 | [Gregory.beck@cityofchicago.org](mailto:Gregory.beck@cityofchicago.org)

## **CERTIFICATE OF SERVICE**

I certify that on June 22, 2022, I served a copy of the foregoing upon opposing counsel by filing it with the Clerk for the Northern District of Illinois using the CM/ECF system.

*/s/ Gregory Beck*