IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LAZENDRA COLLINS, WILLIE ) <br> TEAGUE, AND LAWRENCE TEAGUE ) <br> ) <br> Plaintiff, ) <br> v. ) <br> ) <br> CITY OF CHICAGO AND UNKNOWN ) <br> CHICAGO POLICE OFFICERS, ) <br> ) <br> Defendants. ) | Case No. 2021 CV 02913 <br><br> Judge Rebecca R. Pallmeyer <br><br><br> JURY DEMAND |

### DEFENDANT CITY OF CHICAGO'S MOTION TO DISMISS PLAINTIFFS' *MONELL* CLAIM

Defendant City of Chicago ("Defendant City"), by and through its attorney, Danielle Alvarez Clayton, pursuant to Federal Rules of Civil Procedure 12(b) (6), respectfully moves this Court to dismiss Count IV Plaintiff's Second Amended Complaint for failure to state a claim.

### INTRODUCTION

On May 31, 2021, Plaintiffs filed their complaint against Unknown officers and the City of Chicago, alleging violations of his constitutional rights pursuant to 28 USC § 1331 and § 1343 and 42 U.S.C. § 1983 and § 1988. ECF No. 1. On December 8, 2021, Plaintiffs filed their First Amended Complaint and named twelve individual officers, as well as unknowns. ECF No. 13. Counsel for the individually named officers informed Plaintiffs Counsel that several of the named officers were not on duty May 31, 2020. Plaintiffs' Counsel then sought leave to file their Second Amended Complaint. ECF No. 25. Plaintiffs filed their Second Amended Complaint on May 30, 2022. ECF No. 27. In their Second Amended Complaint, Plaintiffs bring a *Monell* claim against

Defendant City of Chicago. *Id*. Defendant City of Chicago now moves to dismiss Count IV, the *Monell* claim.

## **STANDARD OF REVIEW**

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint to state a claim upon which relief may be granted. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted if the challenged pleading fails to state a claim upon which relief can be granted. *Corcoran v. Chicago Park District*, 875 F.2d 609, 611 (7th Cir. 1989). A motion to dismiss tests the sufficiency of the complaint, not the merits of the suit. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain sufficient facts that, when accepted as true, "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(*citing Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Offering nothing more than "labels and conclusions or a formulaic recitation of the elements of a cause of actions will not do." *Iqbal*, 556 U.S. at 678. Neither will merely tendering "naked assertion[s] devoid of further factual enhancement." *Id.* Although the modern Rule 8 marks a departure from the historical hyper-technical, code-pleading standard, "it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id.,* at 678-679.

## **ARGUMENT**

The *Monell* claim in this case should be dismissed because Plaintiffs fail to adequately assert any elements of a municipal liability claim. Under the doctrine of *Monell v. Department of Social Services*, 436 U.S. 658 (1978), a municipality may be held liable where injuries are "inflicted pursuant to government 'policy or custom.'" *City of Oklahoma v. Tuttle*, 471 U.S. 808, 809 (1985); *In re Estate of Sims*, 506 F.3d 509, 515 (7th Cir. 2007) (stating "municipal liability is

limited to action for which the municipality is actually responsible"). A municipality is not liable simply because it employed the offending official. *Tuttle*, 471 U.S. at 809. A *Monell* claim is directed at the municipality itself, alleging that a policy, practice, or custom was the "'moving force' behind the injury alleged." *See Bd. of Cnty. Comm'ns of Bryan County, Okl. v. Brown*, 520 U.S. 397, 400 (1997); *see also Young v. Village of Romeoville*, No. 10 CV 1737, 2011 WL 1575512, at *1 (N.D. Ill. Apr. 27, 2011) (Feinerman, J.).

To state a *Monell* claim, a plaintiff must show "(1) an action pursuant to a municipal policy, (2) culpability, meaning that policymakers were deliberately indifferent to a known risk that the policy would lead to constitutional violations, and (3) causation, meaning that the municipal action was the 'moving force' behind the constitutional injury." *Hall v. City of Chicago*, 953 F.3d 945, 950 (7th Cir. 2020)(quoting *Bd. of Comm'rs of Bryan Cty. v. Brown*¸ 520 U.S. 397. 400, 404 (1997). Under *Monell*, a municipality cannot be held liable under § 1983 for the constitutional violations of its officers and agents on a theory of *respondeat* superior. *Monell*, 436 U.S. at 690–91. Rather, the plaintiff must plead (and later prove) "that the constitutional violation was caused by a governmental 'policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *First Midwest Bank ex rel. LaPorta v. City of Chicago*, 988 F.3d 978, 986 (7th Cir. 2021) (quoting *Monell*, 436 U.S. at 694). Official custom and practice can take at least three forms: (1) an "express policy;" (2) "a widespread practice that is so permanent and well-settled that it constitutes a custom or practice;" or (3) a constitutional violation "caused by a person with final policymaking authority." *Id.* (citing *Spiegel v. McClintic*, 916 F.3d 611, 617 (7th Cir. 2019)). To succeed on a *Monell* claim, a plaintiff must show that municipal action was taken with the requisite degree of culpability and that such action directly caused the alleged deprivation of federal rights. *Tuttle*, 471 U.S. at 810. Plaintiffs fail at all three

of these prongs (municipal policy, deliberate indifference, and causation), and their *Monell* claim should be dismissed.

### I. Plaintiffs fail to allege a municipal policy at issue.

Plaintiffs' *Monell* factual allegations are so bare and lacking in detail that they do not even meet the basic pleading requirements of *Iqbal*. Here, Plaintiffs plead they suffered a deprivation of a constitutional right but fail to plead a custom or policy of the City caused that deprivation. To show a widespread practice, legal conclusions of such similar incidents will not suffice. *See Karney v. City of Naperville*, No. 15 C 4608, 2015 WL 6407759, at *4 (N.D. Ill. Oct. 22, 2015)(disregarding references to purportedly similar incidents because they were conclusor.); *see also Turner v. City of Chicago*, No. 1:19-CV-00272, 2020 WL 1548957, at *3 (N.D. Ill. Mar. 31 2020)(plaintiff's "threadbare assertion that other instances similar to his have occurred in some manner, by some unspecified officers, during an unspecified time period, does not raise[his] claim above speculation). Indeed, to state a claim of a "widespread practice," a plaintiff must plead factual content to allow the court to draw the reasonable inference that the City maintains the problematic policy or practice in question. *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (citing *Iqbal*, 556 U.S. at 681). This entails "provid[ing] some **specific facts** to support the legal claims asserted in the complaint." *Id.*; *see also, e.g., Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (emphasis added). Although the specificity of these facts is not easily quantified, it must be "enough detail about the subject-matter of the case to present a story that holds together." *McCauley*, 671 F.3d at 616. Plaintiffs have failed to plead facts to demonstrate the existence of any policy or act of a final policymaker that caused the purported constitutional violations here.

Plaintiffs allege "(t)he summer months of 2020 demonstrate clearly that Chicago police have an implied or explicit custom and practice to use unjustified excessive force at large gatherings during the protest months that lasted from May through August of 2020." *See* ECF No. 27, Plaintiffs Second Amended Complaint at ¶41. However, Plaintiffs fail to plead what expressed municipal policy or widespread custom or practice existed at the time of the alleged incident, May 31, 2020. Instead, Plaintiffs plead that the months following their alleged incident "demonstrate clearly that Chicago police have an implied or explicit custom and practice to use unjustified excessive force." *Id*. Plaintiffs do not mention a specific written or stated policy which existed at the time of their alleged incident, nor do they plead any actual facts that create an inference that any certain practice was so widespread to constitute policy, or that officers acted in the way alleged pursuant to any existing policy enacted by a municipal agent with final policy making authority. *See* ECF No. 27, Plaintiffs Second Amended Complaint at ¶38-42 and ¶55-61(page 12). Plaintiffs allege that "Chicago police engaged in widespread use of force" demonstrating an "express or implied policy and/or custom of the City of Chicago to use extraordinary and unjustified excessive force in any area in which there needed to be crowd control during the Black Lives Matter and George Floyd protests." *See* ECF No. 27, Plaintiffs Second Amended Complaint at ¶57 and 59. Further, Plaintiffs allege that "police were instructed to use heavy-handed tactics to disperse protests, crowds and maintain order and control, regardless of citizens' constitutional rights." *Id*. at 60. Plaintiffs allege "Chicago police officers knew that they would not face discipline for abusing or disregarding the constitutional rights of Citizens." *Id*. However, Plaintiffs' allegations do not support their claims. First, each of these allegations is wholly conclusory and does not rely on any actual facts in support. Second, Plaintiffs specifically rely on other incidents and lawsuits arising from incidents that occurred *after* May 31, 2020 to support their claim that a policy or

custom existed which permitted officers to violate citizens constitutional rights on the date of the incident. However, this likewise does not support their claim. Any purported practice or policy that allegedly developed throughout the summer of 2020 would not have been so widespread and settled on May 31, 2020 so as to constitute policy. Third, Plaintiffs' reference to the hearing held by Judge Dow likewise does not support their claim that such a policy existed on the date of the incident in question. *See* ECF No. 27, Plaintiffs Second Amended Complaint at ¶40. The allegations are conclusory and vague, completely lacking in factual detail. *Id.* Fourth, and lastly, it must be noted that many of Plaintiffs' "factual" allegations, including those from the hearing in front of Judge Dow, reference actions taken during *protests*. *See* ECF No. 27, Plaintiffs Second Amended Complaint at ¶38-42 and 56-61. Plaintiffs here allege something different: that they were bystanders to a looting incident. *See* ECF No. 27, Plaintiffs Second Amended Complaint at ¶12-17. Accordingly, even if the allegations surrounding the events that happened after the incident in question here were not vague and conclusory, they still would not help Plaintiffs present a story that holds together because they do not refer to the same type of incident.

>Judge Kendall recently opined:
>
>To successfully plead a "widespread practice" claim, Plaintiff must allege facts showing that **at least more than one instance** of the alleged conduct occurred to establish that a practice in fact exists and that [plaintiff]'s allegedly unconstitutional arrest was not merely a random event. . . . . **Plaintiff may rely on incidents relating only to him**, . . . **but he still must allege multiple such incidents** such that the Court can draw the reasonable inference that the alleged practice was "so permanent and well settled" as to constitute custom with the force of law. **Plaintiff fails to identify a single other instance.**

*Alcorn v. City of Chicago*, 17 C 5859, 2018 WL 3614010, at *17 (N.D. Ill. July 27, 2018) (Kendall, J.) (emphasis added) (citing *Calhoun v. Ramsey*, 408 F.3d 375, 379 (7th Cir. 2005). Multiple other courts in this District have recently dismissed similarly insufficiently pled *Monell* claims. *See Jordan v. City of Chicago*, 20-CV-4012, 2021 WL 1962385, at *5 (N.D. Ill. May 17, 2021)

(Gottschall, J) (merely alleging that there is a "code of silence" is insufficient to state a claim); *Turner*, 2020 WL 1548957 (Coleman, J.)("threadbare assertion that other instances similar to this have occurred in some manner, by some unspecified officers during an unspecified time period" does not raise claim to relief above speculation).[1]

In this case, Plaintiffs have not pointed to an act of a final policymaker, they have not outlined a particular express policy, and they have not alleged "multiple such incidents such that the Court can draw the reasonable inference" the City has a widespread policy or practice that contributed to any alleged violation of their rights. Instead, Plaintiffs' Second Amended Complaint relies solely on Plaintiffs' one experience and conclusory allegations about other after-the-fact instances that do not necessarily imply that the purported practice was followed. While Plaintiffs must not prove their entire case at the pleading stage, nor must they always plead instances other than their own experience[2], they must still at least put forth a "story that holds together." *McCauley,* 671 F.3d at 616. They have not done so, and their *Monell* claim should be dismissed.

## II.  Plaintiffs have not adequately alleged deliberate indifference.

In addition to showing a deficient municipal policy, a plaintiff seeking to state a *Monell* claim in the absence of an expressly unconstitutional policy has two additional barriers. First, a plaintiff must establish the requisite degree of culpability on the municipality's part – namely, that the alleged

---

[1] *See also Harris v. City of Chicago*, 1:20-CV-00452, 2021 WL 1192438, at *4 (N.D. Ill. Mar. 30, 2021) (Chang, J); *Jackson v. City of Chicago*, 20 C 5630, 2021 WL 1056988, at *3 (N.D. Ill. Mar. 18, 2021)(Kocoras, J.); *Hutton v. City of Chicago*, 20-CV-03997, 2021 WL 809731, at *4 (N.D. Ill. Mar. 3, 2021) (Valderrama, J); *Brown v. City of Chicago,* 19 C 8466, Docket No. 68 at pp. 3 (N.D. Ill. November 20, 2020) (Bucklo, E.); *Anderson v. Allen*, 1:19-CV-02311, 2020 WL 5891406, at *4 (N.D. Ill. Oct. 5, 2020) (Aspen, J); *Jordan v. Klamenrus,* 15 C 157, Docket No. 157 at pp. 10 (N.D. Ill. August 6, 2020) (Durkin, J.); *Jones v. Hunt*, 2020 WL 814912, 19 C 4118 (N.D. Ill. Feb. 19, 2020) (Ellis, J.); *Bishop v. White*, 2019 WL 5550576,16 C 6040 (N.D. Ill. Oct. 28, 2019) (Alonso, J.); *Carmona v. City of Chicago*, 15 C 462, 2018 WL 1468995 at *3 (N.D. Ill. March 26, 2018) (St. Eve, J).
[2] *See White v. City of Chicago*, 829 F.3d 837, 844 (7th Cir. 2016).

municipal practices were carried out with "deliberate indifference" to their known or obvious consequences. *See* [City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989)](); *Bryan County,* 520 U.S. at 404. A plaintiff must demonstrate that the final policymaking authority both knew of and acquiesced in this practice. *See Cornfield by Lewis v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1326 (7th Cir. 1993). Although evidence of a persistent and deeply-rooted practice permits the inference that policymakers must have known of its existence, the plaintiff must still prove that the policymaking authority acquiesced to it. *McNabola v. Chicago Transit Authority*, 10 F.3d 501, 511 (7th Cir. 1993); *Cornfield* 991 F.2d at 1316. As the Court observed in *Canton*, to satisfy this culpability requirement, a plaintiff must demonstrate that the municipal action was taken with "deliberate indifference to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." *Canton*, 489 U.S. at 388.

Although Plaintiffs do not need to present evidence to prevail on their *Monell* claim at the pleading stage, they must still plead enough facts to put the City on notice of what the allegations against it are. Here, Plaintiffs do not provide any factual detail as to *how* the City was deliberately indifferent.Indeed, it is not enough to parrot the language of *Monell*, as Plaintiffs have done here. Plaintiffs simply allege "(t)the above described polices and customs demonstrate a deliberate indifference on the part of the City of Chicago, to the constitutional rights of persons within Cook County and were the cause of the violations of the Plaintiffs' rights alleged herein." *See* ECF No. 27, Plaintiffs Second Amended Complaint at 61. This sentence alone does not meet the high level of specificity which is required for a pleading; thus, because Plaintiffs have not alleged that City policymakers had sufficient notice of the alleged widespread practice or policy that it required a municipal response, Plaintiffs' *Monell* claim fails at the second prong as well and should be dismissed.

### III. Plaintiff has not adequately pled causation.

Finally, plaintiffs "must plead factual content sufficient to permit a reasonable inference that the City of Chicago maintained a policy, custom, or practice that proximately caused plaintiffs' alleged injuries." *Mikolon v. City of Chicago*, 2014 WL 7005257, at *4 (N.D. Ill. Dec. 11, 2014). Put simply, Plaintiffs must show the policies at issue were the "direct cause" or "moving force" behind the underlying constitutional violation. *Woodward v. Corr. Med Servs. of lll., Inc.*, 368 F.3d 917, 927 (7th Cir. 2004) (policy must directly inflict an injury and not merely be a contributing factor). Plaintiffs have not done so. First, since Plaintiffs' Second Amended Complaint does not contain factual allegations sufficient to establish that the complained-of policy existed, there can be no reasonable inference that any such policy caused any alleged injury. Second, since the allegations related to the purported policy refer to instances that occurred *after* the incident in question here (and are factually dissimilar), they cannot logically be the "moving force" behind the alleged actions here. As such, Plaintiffs have not adequately pled causation and their *Monell* claim should be dismissed.

### CONCLUSION

Plaintiffs' Second Amended Complaint contains nothing more than conclusory allegations that lack any detailed factual support. This is not enough. A plaintiff cannot simply allege the existence of a policy or practice, (*Iqbal*, 556 U.S. at 678), or that a municipality knew of and tacitly supported these policies or practices. *See Jones v. Navia*, No. 09 CV 6968, 2010 WL 4878869, at *5 (N.D. Ill. Nov. 23, 2010). Accordingly, Plaintiffs' *Monell* claim should be dismissed.

**WHEREFORE**, for the foregoing reasons, Defendant City of Chicago, respectfully requests that this Honorable Court grant its Motion to Dismiss Count IV of Plaintiff's Second Amended Complaint and for any other relief deemed just by this Honorable Court.

**Dated: June 22, 2022**

                                      Respectfully submitted,

                             By:    */s/ Danielle Alvarez Clayton*
                                          Danielle A. Clayton
                                          Assistant Corporation Counsel III

Marion Moore, Chief Assistant Corporation Counsel Supervisor
City of Chicago Department of Law
2 North LaSalle Street, Suite 420
Chicago, Illinois 60602
(312) 744-2784 (Clayton)
Danielle.Clayton@cityofchicago.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2022, I served the foregoing document upon all counsel of record by filing a copy with the Clerk of the Northern District of Illinois using the Court's electronic filing system.

                                            */s/ Danielle Alvarez Clayton*
                                            Danielle A. Clayton
                                            Assistant Corporation Counsel III