**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAZENDRA COLLINS, | ) | |
| WILLIE TEAGUE | ) | 21 C 2913 |
| and LAWRENCE TEAGUE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO, | ) | |
| CHICAGO POLICE OFFICERS | ) | |
| E N GOLLAZA #20912, | ) | |
| M A STYCZYNSKI #5442, | ) | |
| AND UNKNOWN OFFICERS | ) | |
| In their individual capacities, | ) | |
| | ) | |
| Defendants. | ) | |

## CITY OF CHICAGO'S ANSWER TO PLAINTIFFS'
## SECOND AMENDED COMPLAINT

Defendant City of Chicago ("City") by and through its attorney, Danielle Alvarez Clayton,

Corporation Counsel, for its answer to Plaintiff's Second Amended Complaint, Affirmative

Defenses and Jury Demand, state as follows:

### CAUSE OF ACTION

1.      This is an action for damages, brought pursuant to 42 U.S.C. §§ 1983, 1985, 1986
and 1988, the Fourth Amendments to the United States Constitution, and under the law of the state
of Illinois, against the City of Chicago and Unknown Chicago Police Officers in their individual
capacities (hereinafter, "Defendant Officers").

**ANSWER:    Defendant City admits this action is brought pursuant to 42 U.S.C § 1983,
1985, 1986 and 1988 and Illinois State law, but denies the remaining allegations contained in
this paragraph.**

2.      On May 31st, 2020, Defendant Officers unlawfully and without justification
viciously attacked Plaintiffs, while Plaintiffs were seated in their car.

**ANSWER:    Defendant City denies the allegations contained in this paragraph.**

3. At some point after their vicious attack, Defendant Officers engaged in a cover up by arresting one of the Plaintiffs, Lawrence Teague, and charged him with a disorderly conduct; that charge has since been dismissed in the criminal court.

**ANSWER:    Defendant City denies the allegations contained in this paragraph.**

4. Plaintiffs allege that these constitutional violations were committed as a result of the policies and customs of the City of Chicago, Illinois.

**ANSWER:    Defendant City denies the allegations contained in this paragraph.**

5. As a result of the misconduct of the defendants, Plaintiffs suffered severe personal, physical, and emotional injuries.

**ANSWER:    Defendant City denies the allegations contained in this paragraph.**

## JURISDICTION AND VENUE

6. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Plaintiff's cause of action arising under the Constitution of the United States; 42 U.S.C. § 1983 and § 1988 (the Civil Rights Act of 1871); and the laws of the State of Illinois, to redress deprivations of the civil rights of the Plaintiffs, accomplished by acts and/or omissions of the Defendants and committed under color of state law.

**ANSWER:    Defendant City admits jurisdiction is proper, but denies any wrongdoing alleged in this paragraph.**

7. This Court has supplemental jurisdiction over Plaintiff's causes of action arising under the Illinois state law pursuant to 28 U.S.C. § 1367.

**ANSWER:    Defendant City admits supplemental jurisdiction is proper.**

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391, in that all of the claims and events giving rise to this action occurred in this district.

**ANSWER:    Defendant City admits venue is proper.**

## PARTIES

9. The Plaintiffs, Lazendra Collins, Willie Teague and Lawrence Teague are all United States citizens and residents of the State of Illinois, County of Cook.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the whether Plaintiffs are citizens and live in the Northern District of Illinois.**

10.    At all relevant times herein referenced, Defendant Officers were employed by the City of Chicago as sworn police officers. They are being sued in their individual capacities. At the time of the incident in this Complaint, Defendant Officers were engaged in the conduct complained of while acting within the scope of their employment and under color of state law.

**ANSWER:    Defendant City admits that the named Defendant Officers are purportedly being sued in their individual capacities and, at all times relevant hereto, were employed by the City of Chicago as Chicago Police Officers. Defendant City further admits, upon information and belief, that the named Defendant Officers were acting within the scope of their employment and under color of law, but denies any wrongdoing alleged in this paragraph. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of these allegations as they pertain to any unknown officers.**

11.    At all relevant times herein, Defendant, City of Chicago, was and is a municipal corporation duly incorporated under the laws of the State of Illinois and is the employer of all Defendants.

**ANSWER:    Defendant City admits it is an Illinois municipal corporation and that it is the employer of all named Defendant Officers, but denies the remaining allegations contained in this paragraph. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of these allegations as they pertain to any unknown officers.**

## BACKGROUND

12.    On May 31, 2020, the Plaintiffs drove to the Brickyard Mall located at 2600 N. Narragansett Ave., Chicago, Illinois 60639. The Plaintiffs were as follows: Lazendra Collins, a working mother; Willie Teague, a working father; and; Lawrence Teague, a working father. The Plaintiffs are all relatives and family friends. Willie Teague and Lawrence Teague and had gone to the Brickyard Mall to pick up Lazendra Collins from work and to get something to eat.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

13.    Unbeknownst to the Plaintiffs, there was suspected looting, protesting and heavy police presence in and around the Brickyard Mall.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

14.    Upon arrival and entry into the Brickyard Mall, the Plaintiffs immediately observed a crowd of people along with heavy police presence.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

15.    As a result, the Plaintiffs who are now all in the same car decided to leave the Brickyard Mall. In order to exit the Brickyard Mall, the Plaintiffs followed a convoy of cars that

were slowly exiting the Brickyard Mall under the direction of some Chicago Police Officers who appeared to be directing the flow of traffic exiting the Brickyard Mall.

**ANSWER:    Defendant City admits Chicago Police Officers were directing traffic to leave Brickyard Mall, due to looting. Answering further, Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity as to the remaining allegations contained in this paragraph.**

16.    At no time ever were the Plaintiffs engaged in any criminal activity while at the Brickyard Mall. Nor, were the Plaintiffs obstructing or threatening any of the Chicago Police Officers at the Brickyard Mall.

**ANSWER:    Defendant City denies that Plaintiffs have fully and accurately characterized the event in question and therefore deny the allegations contained in this paragraph.**

17.    The Plaintiffs did not engage in any conduct that warranted any use of force, especially excessive force by members of the Chicago Police Department.

**ANSWER:    Defendant City admits that Plaintiffs did not engage in conduct that warranted the use of "excessive force." Defendant City denies the allegations contained in this paragraph are a complete and/or accurate depiction of Plaintiffs' actions or interaction with officers and therefore denies the remaining allegations contained in this paragraph.**

## VIDOE FOOTAGE CAPTURING ATTACK OF PLAINTIFFS

18.    As the Plaintiffs were part of the large convoy leaving the Brickyard Mall, they observed Chicago Police Offficers using their batons to smash the windows of a car in Brickyard Mall and drag individuals out of the same vehicle. Lazendra Collins started to record on her cell phone when she observed the aforementioned behavior from Chicago Police Officers.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

19.    Within a few seconds of the video recording, Chicago Police Officers started to yell at the Plaintiff's vehicle, while it was in a convoy of vehicles-"Go, get out of here!"

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

20.    At some point, and unprovoked, the Defendant Officers begin to run towards the Plaintiffs' vehicle.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

21.    Within a few seconds of running, the Defendant Officers arrived at the Plaintiffs' car and immediately, without provocation or justification, began smashing the Plaintiffs' car windows with their batons while yelling various profanities at the Plaintiffs in the car.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

22.    Within a few seconds of the initial attack, the Plaintiffs' car was swarmed by Chicago police officers who were all smashing and damaging the Plaintiffs' car with their batons while yelling various profanities at the Plaintiffs in the car.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

23.    During the ensuing vicious attack on Plaintiffs, video footage captures various Chicago police officers approaching the vehicle. Other unknown Chicago police officers were captured standing by and seemingly standing watch during this vicious attack of the Plaintiffs.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

24.    In fact, as multiple Chicago police officers took turns yelling profanities at the Plaintiffs and smashing the Plaintiffs' windows, a piece of glass from the window hit Lawrence Teague who was sitting in the backseat.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

25.    But the brutality did not stop there.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

26.    Video footage captures the unknown Chicago police officers violently attacking Lazendra Collins when she got out the vehicle with Willie Teague and Lawrence Teague to assess the damage for the vehicle and request officer names and badge numbers.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

27.    Video footage captures an unknown Chicago Police Officer without his name on this police vest and having his badge number covered. The video also captures the rear window of the Plaintiff's vehicle broken.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

28.    Lazendra Collins is struck several times by an unknown Chicago Police Officer several times with a baton. During this attack, Lazendra Collins could not breathe and was in paralyzing fear as she was being attacked by a Chicago Police Officer.

**ANSWER:** **Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

29.     Lawrence Teague was struck and thrown to the ground by unknown officers.

**ANSWER:** **Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

30.     In addition, a digital camera being held by Lawrence Teague during this attack of Plaintiffs was struck by Chicago Police Officers, damaged by Chicago Police Officers and was then taken by Chicago Police Officers.

**ANSWER:** **Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

31.     The Plaintiffs were never a threat to the Chicago police officers at any point or phase of the vicious attack. Additionally, the unknown Chicago police officers lacked probable cause or a reasonable articulable suspicion to arrest, detain or even approach the Plaintiffs' car.

**ANSWER:** **Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

32.     The video footage of the attack on Plaintiffs demonstrates that Chicago police officers orchestrated and executed a vicious ambush on the Plaintiffs, designed to instill maximum fear and trauma and with the intended goal of causing chaos and mayhem.

**ANSWER:** **Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

## THE AFTERMATH OF THE VICIOUS ATTACK

33.     The Plaintiffs were all detained and, except for Lawrence Teague, were all released without being charged or given an explanation or an apology.

**ANSWER: Defendant City admits Plaintiff, Lawrence Teague, was arrested, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.**

34.     The Chicago police officers charged Lawrence Teague with disorderly conduct only after he informed the police officers that he needed medical attention and asked about this broken and taken property.

**ANSWER:** **Defendant City admits Plaintiff, Lawrence Teague, was charged with disorderly conduct, but lacks knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.**

35.     On September 28, 2020, the disorderly conduct charges against Plaintiff Lawrence Teague were dismissed in a Cook County Court.

**ANSWER:     Defendant City admits that on April 6, 2022 the charges against Plaintiff, Lawrence Teague, were non-suited in Cook County Court, but denies the remaining allegations and any wrongdoing alleged in this paragraph.**

36.     All Plaintiffs have endured and continue to endure lasting physical and emotional injuries related to the vicious attack they endured. For example, all Plaintiffs have been diagnosed with various and serious forms of emotional injuries ranging from severe Post Traumatic Stress Disorder (PTSD) to Conversion Disorder.

**ANSWER:     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

37.     As a result of the vicious attack, Plaintiff Lazendra Collins has permanent damage to her hand, the impact of which has caused a devastating blow to her working and caring for her children.

**ANSWER:     Defendant City lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in this paragraph.**

### CHICAGO POLICE TACTIC OF BRUTLITY IN THE SUMMER OF 2020

38.     The brutality the Plaintiffs faced at the hands of Chicago police officers was by no means in isolation.

**ANSWER:     Defendant City denies the allegations contained in this paragraph.**

39.     After May 25, 2020, peaceful protests and rallies were held around the United States and including Chicago, to protest the killing of George Floyd, a black man who was unjustly killed by Minneapolis Police officers.

**ANSWER:     Defendant City admits that after May 25, 2020, peaceful protests rallies were held around the United States, including Chicago, to protest the murder of George Floyd. Defendant City denies that all gatherings were "peaceful protests and rallies."**

40.     It has been well documented in various public domain video footage, reports, and news articles, various instances of coordinated brutal and vicious attacks on protesters, innocent bystanders and passersby by the Chicago Police Department and its officers.

**ANSWER:     Defendant City denies the allegations contained in this paragraph.**

40.     In fact, on August 19 and 20, 2020, a federal district court in the Northern District and under case number: 1:17-cv-06260, held a listening session during which numerous members of the public complained of police brutality during this protest period in Chicago.

**ANSWER:     Defendant City admits a federal judge for the Northern District of Illinois held a public hearing, but denies that Plaintiffs have fully and accurately alleged the circumstances of the hearing or incidents, denies the characterization of "in fact," and denies any wrongdoing.**

41.     The summer months of 2020 demonstrate clearly that Chicago police had an implied or explicit custom and practice to use unjustified excessive force at large gatherings during the protest months that lasted from May through August of 2020.

**ANSWER:     Defendant City denies the allegations contained in this paragraph.**

42.     As a direct and proximate result of the willful, wanton, and malicious actions of the Defendant Officers, the Plaintiffs suffered the following injuries and damages:
   a. Violation of their constitutional rights under the Fourth Amendments to the United Sates Constitution;
   b. Loss of their physical liberty;
   c. Psychological abuse, mental coercion, physical injury and pain; and
   d. Mental and emotional trauma.

**ANSWER:     Defendant City denies the allegations contained in this paragraph.**

43.     At all relevant times, all Defendant Officers were acting under color of state law and under color of authority as police officers, employees, and agents or servants of the City of Chicago, Illinois.

**ANSWER:     Defendant City admits, upon information and belief, that the named Defendant Officers were acting under the color of law and were employed by the Chicago Police Department, but denies the remaining allegations contained in this paragraph. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they pertain to any unknown or unnamed officers.**

## COUNT 1
### 42 U.S.C. §1983—Unlawful stop/ False Arrest and Excessive Force, all in violation of the Fourth Amendment
### (Against Defendant Officers)

44.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:     Defendant City reasserts its answers contained in foregoing paragraphs and incorporates their answers herein, as though fully stated.**

45.     At the time of the complained of events, Plaintiffs had a clearly established constitutional right under the Fourth Amendment to be secure in their persons from unreasonable seizure through excessive force, false arrest or an unlawful stop.

**ANSWER:    Defendant City admits that Plaintiffs had the right to be free from unreasonable seizure through excessive force, false arrest, and unlawful stops. Defendant City states the characterization of "clearly established" is a legal conclusion and therefore denies it. Defendant City further denies the remaining allegations contained in this paragraph.**

46.     Any reasonable police officer knew or should have known of these rights at the time of the complained of conduct as they were clearly established at that time.

**ANSWER:    Defendant City states that the allegations contained in this paragraph are vague legal conclusions and therefore denies them.**

47.     Defendant Officers actions and use of force as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and were taken intentionally and with willful indifference to the constitutional rights of the Plaintiff.

**ANSWER:    Defendant City denies that Plaintiffs have fully and accurately alleged the events in question and therefore denies the allegations contained in this paragraph.**

48.     Defendants Officers actions and use of force, as described herein, were intended to cause harm unrelated to any legitimate object of arrest or seizure.

**ANSWER:    Defendant City denies that Plaintiffs have fully and accurately alleged the events in question and therefore denies the allegations contained in this paragraph.**

49.     Defendant Officers' actions of stopping Plaintiffs' car without probable cause or reasonable articulable suspicion, or seizing the Plaintiffs by smashing the windows of Plaintiffs' car, swearing and cursing at Plaintiffs, violently striking Plaintiff's with a baton as well as destroying personal property of Plaintiffs, all constituted an unreasonable stop and seizure lacking in probable cause and thereby unreasonably restraining the Plaintiffs of their freedoms.

**ANSWER:    Defendant City denies that Plaintiffs have fully and accurately alleged the events in question and therefore denies the allegations contained in this paragraph.**

41.     As a direct and proximate consequence of said conduct of Defendants Officers, Plaintiffs suffered violations of their constitutional rights, personal and physical injuries, monetary expenses, fear, emotional distress, and other injuries.

**ANSWER:    Defendant City denies the allegations contained in this paragraph.**

## COUNT II

**42 U.S.C. §1985—Conspiracy to violate the Plaintiff's Fourth Amendment Right**
**(Against Defendant Officers)**

42.    Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:    Defendant City reasserts its answers contained in foregoing paragraphs and incorporates their answers herein, as though fully stated.**

43.    Upon information and belief, some of the Defendant Officers conspired to deprive the Plaintiffs of their constitutionally protected right to be free from unreasonable searches, seizures and excessive force in violation of the Fourth Amendment.

**ANSWER:    Defendant City denies the allegations contained in this paragraph as it pertains to the named Defendant Officers. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as it pertains to any unknown or unnamed officers.**

44.    In planning and executing the violent and unreasonable apprehension of the Plaintiffs, some of the Defendant Officers acted in furtherance of that conspiracy and violated the Plaintiff's constitutional rights contrary to § 1985.

**ANSWER:    Defendant City denies the allegations contained in this paragraph as it pertains to the named Defendant Officers. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as it pertains to any unknown or unnamed officers.**

45.    For instance, some of the Unknown Defendant Officers charged Lawrence Teague, one of the Plaintiffs, in an attempt to cover up and justify the Defendant Officers violent and vicious attacks on the Plaintiffs.

**ANSWER:    Defendant City admits Plaintiff, Lawrence Teague, was arrested, but denies the remaining allegations contained in this paragraph as it pertains to the named Defendant Officers. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as it pertains to any unknown or unnamed officers.**

46.    As a direct and proximate consequence of said conduct of the Unknown Defendant Officers, the Plaintiffs suffered violations of their constitutional rights, personal and physical injuries, monetary expenses, fear, emotional distress, and other injuries.

**ANSWER:    Defendant City denies the allegations contained in this paragraph as it pertains to the named Defendant Officers. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as it pertains to any unknown or unnamed officers.**

**COUNT III**
**42 U.S.C. §1986—Failure to Intervene**
**(Against Defendants Officers)**

47.    Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:    Defendant City reasserts its answers contained in foregoing paragraphs and incorporates their answers herein, as though fully stated.**

48.    Other Unknown Defendant Officers had an affirmative duty to prevent the conspiracy as stated in Count II of this complaint, and its furtherance against the Plaintiffs under 42 U.S.C. § 1986.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief to the truth of the allegations in this paragraph because they pertain to unknown and unnamed defendants.**

49.    Upon information and belief, some of the as-yet-Unknown Chicago Police Officers stood by and stood watch as other Unknown Chicago Police Officers attacked and deprived the Plaintiffs of their constitutionally protected right to be free from unreasonable searches, seizures and excessive force in violation of the Fourth Amendment.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph because they pertain to unknown and unnamed defendants.**

50.    That these Unknown Chicago Police Officers had a reasonable opportunity to prevent this harm to Plaintiffs but failed to do so.

**ANSWER:    Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph because they pertain to unknown and unnamed defendants.**

51.    As a result of the Defendant Officers' failure to intervene to prevent the violation of Plaintiffs' constitutional rights, Plaintiffs suffered pain and injury, as well as severe emotional distress.

**ANSWER:    Defendant City denies the allegations contained in this paragraph as they pertain to the named Defendant Officers. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they pertain to unknown and unnamed defendants.**

52.    The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with willful indifference to Plaintiff's constitutional rights.

**ANSWER:    Defendant City denies the allegations contained in this paragraph as they pertain to the named Defendant Officers. Defendant City lacks knowledge or information**

sufficient to form a belief as to the truth of the allegations in this paragraph as they pertain to unknown and unnamed defendants.

53.     The above acts and omissions of the Defendant Officers violated the Plaintiffs' rights as described in this Count.

**ANSWER:     Defendant City denies the allegations contained in this paragraph as they pertain to the named Defendant Officers. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they pertain to unknown and unnamed defendants.**

54.     As a direct and proximate consequence of said conduct of Defendant Officers, the Plaintiffs suffered violations of their constitutional rights, personal and physical injuries, monetary expenses, fear, emotional distress, and other injuries.

**ANSWER:     Defendant City denies the allegations contained in this paragraph as they pertain to the named Defendant Officers. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they pertain to unknown and unnamed defendants.**

**COUNT IV**
**42 U.S.C. §1986—Monell Claims**
**(Against City of Chicago)**

55.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:     Defendant City has moved to dismiss this count; therefore, it makes no answer. See ECF 30.**

56.     In the aftermath of the late George Floyd's fatal excessive force arrest in Minneapolis, Minnesota, the City of Chicago experienced widespread protests that started after May 25, 2020 and lasted into August of 2020. Protesters were protesting the death of George Floyd and the widespread police brutality wielded against black people across the United States.

**ANSWER:     Defendant City has moved to dismiss this count; therefore, it makes no answer. See ECF 30. To the extent an answer is required, denied.**

57.     Amid the widespread protests, the Chicago police engaged in widespread use of force as crowd control and against protesters, suspected looters, and innocent individuals who happened to be in any vicinity where there was a large police presence.

**ANSWER:     Defendant City has moved to dismiss this count; therefore, it makes no answer. See ECF 30. To the extent an answer is required, denied.**

58.     For instance, and as stated earlier, during a listening session pertaining to the consent decree and Chicago's mandatory police reform efforts, a federal Judge heard from

numerous victims of Chicago police brutality during the Black Lives Matter and George Floyd killing protests.

**ANSWER:     Defendant City has moved to dismiss this count; therefore, it makes no answer. See ECF 30. To the extent an answer is required, denied.**

59.     The incidents described in the preceding paragraph demonstrate that it was the express or implied policy and/or custom of the City of Chicago to use extraordinary and unjustified excessive force in any area in which there needed to be crowd control during the Black Lives Matter and George Floyd protests.

**ANSWER:     Defendant City has moved to dismiss this count; therefore, it makes no answer. See ECF 30. To the extent an answer is required, denied.**

60.     The incidents described in the preceding paragraph also demonstrate that the police were instructed to use heavy-handed tactics to disburse protests, crowds and maintain order and control, regardless of citizens' constitutional rights. Additionally, Chicago police officers knew that they would not face discipline for abusing or disregarding the constitutional rights of Citizens.

**ANSWER:     Defendant City has moved to dismiss this count; therefore, it makes no answer. See ECF 30. To the extent an answer is required, denied.**

61.     The above described polices and customs demonstrate a deliberate indifference on the part of the City of Chicago, to the constitutional rights of persons within Cook County and were the cause of the violations of the Plaintiffs' rights alleged herein.

**ANSWER:     Defendant City has moved to dismiss this count; therefore, it makes no answer. See ECF 30. To the extent an answer is required, denied.**

**COUNT V**
**State Law Claim—Intentional Infliction of Emotional Distress**
**(Against Defendant Officers & City of Chicago)**

62.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:     Defendant City reasserts its answers contained in foregoing paragraphs and incorporates their answers herein, as though fully stated.**

63.     The acts and conduct of the Defendant Officers as set forth above were extreme and outrageous. The Defendant Officers intended to cause or were in reckless disregard of the probability that their conduct would cause, severe emotional distress to the Plaintiffs, as is more fully alleged above.

**ANSWER:     Defendant City denies the allegations contained in this paragraph as they pertain to the named Defendant Officers. Defendant City lacks knowledge or information**

sufficient to form a belief as to the truth of the allegations in this paragraph as they pertain to unknown and unnamed defendants.

64.    Said actions and conduct did directly and proximately cause severe emotional distress to the Plaintiffs, and thereby constituted intentional infliction of emotional distress.

**ANSWER:    Defendant City denies the allegations contained in this paragraph as they pertain to the named Defendant Officers. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they pertain to unknown and unnamed defendants.**

65.    The misconduct described in this Count was undertaken with malice, willfulness, and reckless indifference to the rights of the Plaintiffs.

**ANSWER:    Defendant City denies the allegations contained in this paragraph as they pertain to the named Defendant Officers. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph as they pertain to unknown and unnamed defendants.**

66.    In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of employment and under color of law.

**ANSWER:    Defendant City denies that Plaintiffs have fully and accurately alleged the events in question and therefore denies that the namedDefendant Officers committed the acts alleged above. Answering further, Defendant City admits, upon information and belief, the named Defendant Officers acted under the color of law and within the scope of their employment. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to any unknown or unnamed defendants.**

67.    Defendant City of Chicago is liable as principal for all torts committed by its agents including the Chicago police Department.

**ANSWER:    Defendant City admits that under certain circumstances and to the extent provided by law, it can be liable as principal for torts committed by employees acting within the scope of their employment. Defendant City denies that Plaintiffs have fully and/or accurately stated the law; therefore, Defendant City denies the remaining allegations contained in this paragraph.**

68.    In consequence thereof, Defendant City of Chicago is liable to Plaintiffs under Illinois law, pursuant to the doctrine of respondeat superior.

**ANSWER:    Defendant City denies that Plaintiffs have fully and/or accurately alleged the events in question and denies that Plaintiffs have fully and/or accurately stated the law; therefore, Defendant City denies the allegations contained in this paragraph.**

69.     As a proximate result of Defendants' wrongful acts, Plaintiffs suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

**ANSWER:     Defendant City denies the allegations contained in this paragraph as they pertain to the named Defendant Officers. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any unknown or unnamed defendants.**

**COUNT VI**
**State Law Claim—Battery**
**(Against Defendant Officers & City of Chicago)**

70.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:     Defendant City reasserts its answers contained in foregoing paragraphs and incorporates their answers herein, as though fully stated.**

71.     The actions of the unknown Defendant Officers in ambushing and attacking the Plaintiffs and as described in the preceding paragraphs, were undertaken intentionally, without the consent and against the will of the Plaintiffs and resulted in harmful and/ or offensive contact with the bodies of the Plaintiffs.

**ANSWER:     Defendant City denies that Plaintiffs have fully and accurately described the events in question. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph because they pertain to unknown and unnamed officers.**

72.     The actions of the unknown Defendant Officers constituted battery against the Plaintiffs under Illinois law and were undertaken without legal justification.

**ANSWER:     Defendant City denies that Plaintiffs have fully and accurately described the events in question. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph because they pertain to unknown and unnamed officers.**

73.     In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of employment and under color of law.

**ANSWER:     Defendant City denies that Plaintiffs have fully and accurately alleged the events in question and therefore denies that the named Defendant Officers committed the acts alleged above. Answering further, Defendant City admits, upon information and belief, the named Defendant Officers acted under the color of law and within the scope of their**

employment. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to any unknown or unnamed defendants.

74.    Defendant City of Chicago is liable as principal for all torts committed by its agents including the Chicago police Department.

**ANSWER:    Defendant City admits that under certain circumstances and to the extent provided by law, it can be liable as principal for torts committed by employees acting within the scope of their employment. Defendant City denies that Plaintiffs have fully and/or accurately stated the law; therefore, Defendant City denies the remaining allegations contained in this paragraph.**

75.    In consequence thereof, Defendant City of Chicago is liable to Plaintiffs under Illinois law, pursuant to the doctrine of respondeat superior.

**ANSWER:    Defendant City denies that Plaintiffs have fully and/or accurately alleged the events in question and denies that Plaintiffs have fully and/or accurately stated the law; therefore, Defendant City denies the allegations contained in this paragraph.**

76.    As a proximate result of Defendants' wrongful acts, Plaintiffs suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

**ANSWER:    Defendant City denies the allegations contained in this paragraph as they pertain to the named Defendant Officers. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any unknown or unnamed defendants.**

### COUNT VII
### State Law Claim—Assault
### (Against Defendant Officers & City of Chicago)

77.    Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:    Defendant City reasserts its answers contained in foregoing paragraphs and incorporates their answers herein, as though fully stated.**

78.    The actions of the unknown Defendant Officers in ambushing the Plaintiffs as described in the preceding paragraphs, smashing the windows of Plaintiffs' car while Plaintiffs were in the car, placed the Plaintiffs in reasonable apprehension of receiving imminent physical harm or contact.

**ANSWER:    Defendant City denies that Plaintiffs have fully and accurately described the events in question. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph because they pertain to unknown and unnamed officers.**

79.     The actions of the unknown Defendant Officers constituted assault against the Plaintiffs under Illinois law and were undertaken without legal justification.

**ANSWER:     Defendant City denies that Plaintiffs have fully and accurately described the events in question. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph because they pertain to unknown and unnamed officers.**

80.     In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of employment and under color of law.

**ANSWER:     Defendant City denies that Plaintiffs have fully and accurately alleged the events in question and therefore denies that the named Defendant Officers committed the acts alleged above. Answering further, Defendant City admits, upon information and belief, the named Defendant Officers acted under the color of law and within the scope of their employment. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to any unknown or unnamed defendants.**

81.     Defendant City of Chicago is liable as principal for all torts committed by its agents including the Chicago police Department.

**ANSWER:     Defendant City admits that under certain circumstances and to the extent provided by law, it can be liable as principal for torts committed by employees acting within the scope of their employment. Defendant City denies that Plaintiffs have fully and/or accurately stated the law; therefore, Defendant City denies the remaining allegations contained in this paragraph.**

82.     In consequence thereof, and as it pertains to Count IV, Defendant City of Chicago is liable to Plaintiffs under Illinois law, pursuant to the doctrine of respondeat superior.

**ANSWER:     Defendant City denies that Plaintiffs have fully and/or accurately alleged the events in question and denies that Plaintiffs have fully and/or accurately stated the law; therefore, Defendant City denies the allegations contained in this paragraph.**

83.     As a proximate result of Defendants' wrongful acts, Plaintiffs suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

**ANSWER:     Defendant City denies the allegations contained in this paragraph as they pertain to the named Defendant Officers. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any unknown or unnamed defendants.**

## COUNT VIII
### State Law Claim—False Imprisonment
### (Against Defendant Officers & City of Chicago)

84.     Each of the Paragraphs of this Complaint is incorporated as if restated fully herein.

**ANSWER:     Defendant City reasserts its answers contained in foregoing paragraphs and incorporates their answers herein, as though fully stated.**

85.     The actions of the unknown Defendant Officers in ambushing the Plaintiffs as described in the preceding paragraphs, smashing the windows of Plaintiffs' car while Plaintiffs were in the car and forcefully arresting the Plaintiffs, caused a restraint of the Plaintiff without reasonable grounds to believe that the Plaintiffs were committing an offense.

**ANSWER:     Defendant City denies that Plaintiffs have fully and accurately described the events in question. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph because they pertain to unknown and unnamed officers.**

86.     The actions of the unknown Defendant Officers constituted false arrest against the Plaintiffs under Illinois law and were undertaken without probable cause.

**ANSWER:     Defendant City denies that Plaintiffs have fully and accurately described the events in question. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph because they pertain to unknown and unnamed officers..**

50.     In committing the acts alleged in the preceding paragraphs, each of the Defendant Officers were members of, and agents of, the Chicago Police Department acting at all relevant times within the scope of employment and under color of law.[1]

**ANSWER:     Defendant City denies that Plaintiffs have fully and accurately alleged the events in question and therefore denies that the named Defendant Officers committed the acts alleged above. Answering further, Defendant City admits, upon information and belief, the named Defendant Officers acted under the color of law and within the scope of their employment. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to any unknown or unnamed defendants.**

51.     Defendant City of Chicago is liable as principal for all torts committed by its agents including the Chicago police Department.

**ANSWER:     Defendant City admits that under certain circumstances and to the extent provided by law, it can be liable as principal for torts committed by employees acting within the scope of their employment. Defendant City denies that Plaintiffs have fully and/or accurately stated the law; therefore, Defendant City denies the remaining allegations contained in this paragraph.**

---

[1] Plaintiffs Second Amended Complaint paragraph numbers repeat, starting at 50. This is the second time paragraphs 50-56 are used. See Counts III and IV.

52.     In consequence thereof, Defendant City of Chicago is liable to Plaintiffs under Illinois law, pursuant to the doctrine of respondeat superior.

**ANSWER: Defendant City denies that Plaintiffs have fully and/or accurately alleged the events in question and denies that Plaintiffs have fully and/or accurately stated the law; therefore, Defendant City denies the allegations contained in this paragraph.**

53.     As a proximate result of Defendants' wrongful acts, Plaintiffs suffered damages, including severe emotional distress and anguish, as is more fully alleged above.

**ANSWER:     Defendant City denies the allegations contained in this paragraph as they pertain to the named Defendant Officers. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations as they pertain to any unknown or unnamed defendants.**

**COUNT IX**
**Indemnification Pursuant to 745 ILCS 10/9-102**
**(Against the City of Chicago)**

54.     Each paragraph of this Complaint is incorporated as if restated fully herein.

**ANSWER:     Defendant City reasserts its answers contained in foregoing paragraphs and incorporates their answers herein, as though fully stated.**

55.     The misconduct of all Defendants were committed in the scope of their employment with the Defendant City of Chicago.

**ANSWER:     Defendant City denies that Plaintiffs have fully and accurately alleged the events in question and therefore denies that the named Defendant Officers committed the acts alleged above. Answering further, Defendant City admits, upon information and belief, the named Defendant Officers acted under the color of law and within the scope of their employment. Defendant City lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph as they pertain to any unknown or unnamed defendants.**

56.     Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-402, Defendant City of Chicago is liable for any judgments for compensatory damages in this case arising from the actions of all Defendants.

**ANSWER:     Defendant City denies Plaintiffs have fully and/or accurately alleged the events in question and further denies that Plaintiffs have fully and/or accurately stated the law; therefore, Defendant City denies the allegations contained in this paragraph.**

**<u>JURY DEMAND</u>**

Defendant City hereby requests a trial by jury.

## AFFIRMATIVE DEFENSES

1. Defendant City is not liable to Plaintiffs for any federal claim for which its employees or agents are not liable to Plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986).

2. Defendant City cannot be held liable for punitive or exemplary damages in any Section 1983 action brought against it directly or indirectly by the injured party or a third party. *City of Newport et al. v. Fact Concerts, Inc.*, 435 U.S. 247 (1981).

3. To the extent Plaintiffs failed to mitigate any of their claimed injuries or damages, any verdict or judgment obtained by Plaintiffs must be reduced by application of the principle that Plaintiffs had a duty to mitigate their claimed injuries and damages, commensurate with the degree of failure to mitigate attributed to Plaintiffs by the jury in this case.

4. As to any state law claims made by Plaintiffs, Defendant City is not liable to the extent that the decision as to what action to take with regard to Plaintiffs was a discretionary decision for which Defendant City and its employees are immune from liability. 745 ILCS 10/2-201.

5. To the extent any employee or agent of Defendant City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct. 745 ILCS 10/2-202.

6. Defendant City is not liable to Plaintiffs for any state law claims for which its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109.

7. As to Plaintiffs' state law claims, Defendant City is not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'" *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (citations omitted).

8. Indemnification is not a cause of action, but a theory of recovery. The indemnification provision does not create direct liability on the part of the City or its employees, but creates liability on the City to indemnify after a judgment has been recovered against an employee. See *Arnolt v. City of Highland Park*, 52 Ill. 2d 27 (1972); *Glover v. City of Chicago*, 106 Ill. App. 3d 1066, 107 (1982).

9. Plaintiffs fail to state a *Monell* claim under Fed. R. Civ. P. 12(b)(6). *See* Defendant City's Motions to Dismiss, ECF No. 30.

**DATED**: June 22, 2022

Respectfully submitted,

BY: _/s/ Danielle Alvarez Clayton_
Assistant Corporation Counsel III

Marion Moore, Chief Assistant Corporation Counsel
2 N LaSalle Street Suite 420
Chicago, IL 60602
(312) 744-2784 (Clayton)
Danielle.Clayton@CityofChicago.org

## CERTIFICATE OF SERVICE

I hereby certify that on June 22, 2022, I served the foregoing document upon all counsel of record by filing a copy with the Clerk of the Northern District of Illinois using the Court's electronic filing system.

_/s/ Danielle Alvarez Clayton_
Assistant Corporation Counsel III