# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LAZENDRA COLLINS, WILLIE TEAGUE, AND LAWRENCE TEAGUE | |
| Plaintiff, | Case No. 2021 CV 02913 |
| v. | Judge Rebecca R. Pallmeyer |
| CITY OF CHICAGO, ET AL. | |
| Defendants. | JURY DEMAND |

## DEFENDANTS' OPPOSED MOTION TO RE-OPEN FACT DISCOVERY FOR A LIMITED PURPOSE

Chicago police officers Galloza and Styczynski (collectively, "Defendant Officers") and the City of Chicago ("Defendant City") respectfully request that this Court re-open fact discovery for the limited purpose of inquiring about edits to a video capturing the incident, which Defendants did not realize the extent of said edits until April 24, 2024. Further, Defendants seek to reserve their ability to compel Plaintiff to provide supplemental discovery relating to medical damages. In support of their motion, Defendants state as follows:

### The Video

1. On September 30, 2021, Plaintiffs disclosed one video recording of the incident. *See* Pl.'s Initial Disclosures, attached hereto as Exhibit 1.

2. Plaintiffs produced that video recording along with their disclosures. *See* PL Video of Incident YouCut_20200531_204311645 (hereinafter, the "YouCut" video),[1] attached hereto as Exhibit 2. The YouCut video is approximately 49 seconds long.

---

[1] The full name of the original video file, as tendered by Plaintiff, is "PL Video of Incident YouCut_20200531_204311645"

3. On July 22, 2022, Defendants served interrogatories on Plaintiffs. Plaintiff Collins answered interrogatory 7 as follows:

> 7. State whether you possess any photographs, videos, or other visual representations relating tothe **LOOTING**, **ALTERCATION, FORCE, ARREST,** and/or **PROSECUTION**. If your answer was yes, provide the following information:
>
> **RESPOSNE[sic]:** Ms. Collins recorded part of the attack by CPD on her cell phone. There is ***one*** video and Defendant can refer to a copy of video that is included with discovery as the best way to resolve all questions.

*See* Plaintiff Collins' Answers to Defendant Galloza's Interrogatories, attached hereto as Exhibit 3. (emphasis added).

4. Defendants' production requests, issued July 22, 2022, ask for all videos relating to the interaction with Plaintiffs that underlies this lawsuit. *See* Defendants' First Set of Requests to Produce, attached hereto as Exhibit 4.

5. The YouCut video was the only video produced by Plaintiffs to Defendants in this lawsuit until April 2024.

6. On April 24, 2024, during the deposition of Defendant Styczynski, Plaintiff's counsel played a video that was substantially longer than the one that Plaintiffs had tendered to Defendants. Notably, the video played during the deposition of Defendant Styczynski revealed something that had not been clear before – specifically, it showed Officer Jorge Cerda being violently pushed to the ground in the middle of the incident. Until seeing the clear, unedited video, defendants did not know there was footage of the push.

7. The only other video that Defendants had obtained up until that point was from COPA, and that video was so choppy and grainy that the push was hardly discernible.

8. Defendants immediately asked for the video depicting the push, and Plaintiff's counsel provided the video.

9. Defense counsel compared the YouCut video to the second video produced by Plaintiff. The YouCut video splices out the push referenced above. The YouCut video is not just a clip or a "shortened" version of the full video. The push to Officer Cerda is specifically spliced out. *Compare* Exhibit 5 at 2:00-2:08 to Exhibit 1 at 00:20-00:30.

10. This clear footage of the push is relevant to Defendants defense of this matter. Moreover, the full, unedited, and clear version of this video was obviously responsive to the discovery requests submitted by Defendants in this matter. The full length, unedited video is attached hereto as Exhibit 5.

11. Due to Defendants' recent discovery that Plaintiffs had been in possession of a second video that captured the push referenced above, and, due to Defendants' recent discovery that the video produced earlier in this litigation spliced out the push referenced above, Defendants respectfully request that this Court reopen fact discovery for the limited purpose of inquiring into how the YouCut video came to be edited.

12. Defendants are entitled to explore who made this edit, why it was edited, and when it was edited. Defendants should further be able to explore how it is that the only video that was produced to them was the video with the push to Officer Cerda spliced out. Such information is relevant to credibility, motive, and bias and Defendants should be able to explore this in discovery to determine whether anyone can be cross-examined about it at trial.

13. In order to expedite the process, Defendants propose sending a special interrogatory to Plaintiffs regarding the circumstances surrounding the editing of the YouCut video, namely: 1) How the video was edited, 2) why the video was edited, and 3) who edited the video.

14. Depending on Plaintiffs' response to said interrogatory, Defendants may desire to depose any person(s) involved in the editing of the YouCut video.

## Medical Records

15. Plaintiff Collins was initially deposed on October 4, 2023. At that time, Plaintiff Collins desired to end her deposition early and return at a later date to complete her deposition.

16. Following numerous attempts to reschedule her deposition, Plaintiff Collins ultimately completed the second part of her deposition on April 19, 2024.

17. During this second deposition, Plaintiff Collins revealed – for the first time – that she had undergone further medical treatment that had previously gone undisclosed.

18. Defendants had not been made aware of this subsequent medical treatment and immediately requested that updated records be produced. Opposing counsel agreed to produce the records.

19. Defendants ask that they be allowed to preserve their right to file a motion to compel Plaintiff to produce said records in the event that those records are not produced by a date certain.

Dated: May 22, 2024

    Respectfully submitted,

/s/ *Tyler D. Michals*
Assistant Corporation Counsel
Gregory Beck, Assistant Corporation Counsel Supervisor
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, IL 60602
312-742-5146
**Attorney for the Officers**


/s/ *Marion Moore*
Marion Moore, Chief Assistant Corporation Counsel
Simerdeep Kaur, Assistant Corporation Counsel
City of Chicago, Department of Law
2 North LaSalle Street, Suite 420
Chicago, IL 60602
312-744-5170 (Moore)
Atty No. 6302566 (Moore)

**Attorneys for the City**